UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| ANTHONY WATTS, an individual, | Case No. 3:23-cv-00328-LRH-CSD |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| KOS MEDIA LLC, a foreign corporation; JOHN DOES 1-5, individuals; CORPORATION DOES 1-5, domestic or foreign corporations, | |
| Defendants. | |

Before the Court is Plaintiff Anthony Watts' ("Watts") Motion to Remand. ECF No. 9. KOS Media LLC ("KOS") filed a response in opposition to the motion (ECF No. 18) and Watts replied (ECF No. 21). For the reasons articulated herein, the Court grants Watts's motion to remand. Also pending before the Court are two motions to dismiss filed by KOS. ECF Nos. 6, 19. Because of the Court's ruling on remand, the Court denies both motions to dismiss as moot.

**I.    BACKGROUND**

This matter stems from internet posts on a KOS website that allegedly revealed Watts' personal identifying information. ECF No. 1 at 10–14. Watts is an individual residing in Washoe County, Nevada, and the original Complaint describes him as a well-known pundit on climate change. *Id*. at 10, 12. KOS is a Delaware limited liability company that conducts its media business in Washoe County, Nevada. *Id*. at 11.

On May 24, 2023, Watts filed his original Complaint in the Second Judicial District Court for the State of Nevada in and for Washoe County. *Id*. at 10. The original Complaint alleges that KOS owns a website called "The Daily KOS" where users may anonymously post. *Id*. at 11. Watts

1

claims that on April 24, 2023, on the "Climate Denier Roundup" webpage of The Daily KOS, an anonymous post was published entitled "Heartland Fundraising for Tony Watts' $2,000 Thermometers to Compete with Global Temp Network." *Id*. The anonymous post allegedly included the geographic location and photographs of Watts' Nevada-based home. *Id*. at 11, 12. Watts alleges that, by allowing and hosting the post, KOS violated Nevada Revised Statute § 41.1347. *Id*. Watts claims that he is entitled to relief available under the statute for the disclosure and republication of his personal identifying information without his consent. *Id*.

On July 5, 2023, KOS removed the matter pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (ECF No. 1 at 1) and, shortly after, filed a motion to dismiss Watts' original Complaint (ECF No. 6). On July 26, 2023, Watts filed a motion to remand, the motion at issue in this Order. ECF No. 9. On August 2, 2023, Watts filed a First Amended Complaint (ECF No. 14), and on August 16, 2023, KOS filed a Motion to Dismiss Watts' First Amended Complaint (ECF No. 19). Watts' motion to remand is addressed below.

## II.   LEGAL STANDARD

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A district court has original jurisdiction over civil actions where the suit is between citizens of different states and the amount in controversy, exclusive of interests and costs, exceeds $75,000.00. 28 U.S.C. § 1332(a).

"[T]he removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $[75],000.00." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). In determining whether the defendant has established that diversity jurisdiction exists, the district court must first consider whether it is "facially apparent" from the complaint that the jurisdictional amount in controversy requirement is met. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir.1997). Generally, courts apply a mechanical test to determine whether the amount in controversy requirement has been met: "[t]he district court simply reads the ad damnum clause of the complaint to determine whether the matter in

controversy exceeds" $75,000.00. *Id.* at 375. If it is apparent to the court that the claim was made in good faith, then the value of the claim controls for purposes of removal, unless it appears "to a legal certainty that the plaintiff cannot recover the amount claimed." *Id.*

Removal of a case to district court may be challenged by motion and a federal court must remand a matter if there is a lack of jurisdiction. *See generally*, 28 U.S.C. § 1441. Removal statutes are construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941); *see also, Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

### III.   DISCUSSION

As a preliminary matter, the Court finds that Watts' original Complaint (ECF No. 1 at 10–14) controls for purposes of the pending motion to remand because it is the Complaint on which KOS based removal. *See St. Paul Mercury Indem. Co. v. Red Cab Co*., 303 U.S. 283, 291 (1938) ("the status of the case as disclosed by the plaintiff's complaint is controlling in the case of a removal"); *see also Chavez v. JPMorgan Chase & Co*., 888 F.3d 413, 417–18 (9th Cir. 2018) (holding that the amount in controversy for diversity actions is what is at stake in the litigation based on the claims in the complaint "at the time the case is removed by the defendant").

In its notice of removal, KOS alleges that the Court has diversity jurisdiction over the current matter because (1) Watts and KOS are citizens of different states, and (2) the amount in controversy exceeds $75,000, exclusive of costs and interest. ECF No.1 at 2. The Court's original jurisdiction over diversity cases is limited to when there is diversity of citizenship between the parties, no defendant is a citizen of the state where the action was filed, and the amount in controversy exceeds $75,000 exclusive of interest and costs. 28 U.S.C. § 1441(b)(2); 28 U.S.C. § 1332(a). "The party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists." *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).

Diversity of citizenship is determined, and must exist, at the time the complaint is filed. *Strotek Corp. v. Air Transp. Ass'n. of Am*., 300 F.3d 1129, 1131 (9th Cir. 2002). Here, the Court finds that KOS has failed to meet its burden of establishing that complete diversity exists. KOS claims that Watts is a citizen of Nevada and KOS is a citizen of Delaware. ECF No. 1 at 2. KOS

states that it "is a Delaware limited liability company, organized under the laws of the State of Delaware." *Id*. A limited liability company is a citizen of all states where its members are citizens. *Johnson v. Columbia Propes. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("an LLC is a citizen of every state of which its owners/members are citizens"). KOS, a limited liability company, has failed to adequately allege its citizenship because it has not identified its members and the citizenship of its members. Without the adequate identification of member citizenship, a limited liability company fails to sufficiently establish complete diversity. *See Segundo Suenos, LLC v. Jones*, 494 F. App'x 732, 735 (9th Cir. 2012) (holding that alleged diversity jurisdiction was "legally deficient" because the complaint contained "no allegations setting forth the citizenships of the constituent members of the limited liability company").

Moreover, the Court finds that KOS has failed to adequately allege that the amount in controversy exceeds $75,000. KOS argues that the jurisdictional threshold of $75,000 is met even though Watts does not specifically plead an amount of damages in his original Complaint. ECF No. 1 at 2. KOS reasons that liability under Nev. Rev. Stat. § 41.1347, permits recovery of attorneys' fees and costs and that, should this matter proceed through trial, Watts will have incurred attorneys' fees in excess of $75,000.[1] *Id*. In its motion to remand, Watts argues that the amount in controversy does not exceed $75,000. ECF No. 9 at 2. Watts claims that his original Complaint does not plead for attorneys' fees and, even if it did, KOS only speculates about hourly rates and the duration of this litigation to conclude the amount in controversy requirement is satisfied. *Id*. In response, KOS argues that it is irrelevant whether Watts expressly seeks attorneys' fees. ECF No. 18 at 4. KOS also alleges that future attorneys' fees may be included in an amount in controversy determination because they are at stake in the underlying litigation. *Id*. at 4, 5.

The Court finds that the amount in controversy is not facially apparent from Watts' original Complaint. When the amount of damages is unclear from a plaintiff's state court complaint, the defendant has the burden of establishing by a preponderance of the evidence that the required

---

[1] KOS admits that it does not know Watts' counsel's hourly billing rate. ECF No. 1 at 3. Instead, KOS uses the average hourly billing rates for attorneys in Nevada (including $450 per hour for partners and $250 per hour for experienced associates), for its estimation that Watts will incur more than $75,000 in attorneys' fees here. *Id*.

amount in controversy is met. *See Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121–22 (9th Cir. 2013) (quotation omitted); *see also Sanchez*, 102 F.3d at 404.

Here, KOS fails to meet its burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. KOS offers an attenuated theory of amount in controversy that is based on conjecture. First, there is no outright claim for attorneys' fees in Watts original Complaint. Accordingly, KOS asks the Court to consider them because they are recoverable under Nev. Rev. Stat. § 41.1347. Next, KOS asks the Court to assume Watts' counsel's hourly billing rate based upon the average partner or experienced attorney billing rate in Nevada. KOS then asks the Court to suppose that this matter will continue past trial to estimate that Watts' attorneys' fees might exceed $75,000. Simply, KOS asks that the Court engage in too much guesswork to determine that the amount in controversy exceeds $75,000 here. "Where doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Moreover, if "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The Court finds that KOS fails to meet its burden of establishing that the amount in controversy exceeds $75,000. Accordingly, it appears the Court lacks subject matter jurisdiction over the present matter. As such, the Court grants Watts' motion to remand.

### IV. CONCLUSION

IT IS THEREFORE ORDERED that Watts' Motion to Remand (ECF No. 9) is **GRANTED**.

IT IS FURTHER ORDERED that KOS' Motions to Dismiss (ECF Nos. 6, 19) are **DENIED as moot**.

The Clerk of the Court shall REMAND this action, 3:23-cv-00328-LRH-CSD, to the Second Judicial District for the State of Nevada.

IT IS SO ORDERED.

DATED this 25th day of August, 2023.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

5